SAVOIE, J.
CONCURS IN PART, AND DISSENTS IN PART WITH WRITTEN REASONS.
hi disagree with the majority’s conclusion to award the plaintiff with $2,445,682.80 in consequential damages, which is the profit the plaintiff would have received had it drilled to the depth contemplated by its contract. I would not award any consequential damages for lost profits to the plaintiff based on the jury’s finding on that issue. I otherwise concur in the result of this case.
I would find error in the trial court’s decision to grant the JNOV as to the jury’s finding in interrogatory number three on the special verdict form that the defective casing did not proximately cause the plaintiffs damages. The jury instructions indicate that this interrogatory was directed toward the question of whether the defective casing was the proximate cause of the plaintiffs consequential damages, or lost profits. The jury was instructed to decide “whether th[e] casing was a cause in fact of the losses suffered by Justiss,” and was then told by the trial judge that:
[b]y cause “cause in fact” I mean you must determine whether the defective casing was a substantial factor in pre *367 venting Justiss from completing its contract and drilling the Musser-Davis 34-1 Well to its contract depth. In other words, if you find that Justiss would have completed the Musser-Davis 34-1 well to its contract depth but for the defects in the casing, then the defective casing is a cause in fact of the Justiss loss.
(emphasis added).
| plnterrogatory number three is not im-permissibly inconsistent with the interrogatories seeking fault allocation. The jury instructions indicate that the interrogatories pertaining to fault allocation relate to the cause of the defect in the casing. The jury was instructed that the defendants would not be liable if the defendants proved that the defects in the casing were caused by the plaintiffs own misuse of the casing or that the defect in the casing did not ultimately cause the casing to fail and render it useless. This issue is distinct from what caused the plaintiffs consequential damages (i.e. lost profits from failing to reach the contract-depth), which was addressed in interrogatory number 3. The jury’s finding as to whether the defect caused the plaintiffs consequential damages is reasonably supported by the evidence in the record and should not be disregarded.